GULF, COLORADO & SANTA FE RAILWAY COMPANY v. H. D. LYMAN.

Decided October 30, 1901.

**1.—Deposition—Return—Names of Witnesses—Waiver.**

A defendant, taking depositions of his own witnesses, opened and read them after return, and finding one Y., unfavorable, moved to quash his deposition because the name was not indorsed on the envelope in which it was returned, the indorsement showing the witnesses to be S. et al. Held, that defendant waived the irregularity by using the depositions of the other witnesses.

**2.—Evidence—Signature—Proof by Comparison.**

Instruments, which were admissible if the signatures, which were denied, were genuine, were offered without other proof of execution than such as could be drawn by the jury from comparison with other admittedly genuine signatures in evidence. Held, that their rejection could not be found error when the original instruments were not before the appellate court.

Appeal from Tom Green. Tried below before Hon. J. W. Timmins.

Lyman sued the railway company and had judgment, from which defendant appealed.

*J. W. Terry* and *Chas. K. Lee,* for appellant.

*J. T. Thomson* and *D. D. Wallace,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by the plaintiff to recover damages for the alleged negligent killing of two head of horses and for injuries sustained by ninety-five head of horses, mules, and colts shipped over the defendant's line of railway. The amount claimed was $1300. The verdict and judgment was for $650.40.

We find the facts concerning the shipment of the stock and the negligence and delay of the appellant substantially as alleged by the plaintiff, and the verdict of the jury as to the amount is supported by the evidence.

The appellant propounded interrogatories to G. W. L. Smith, B. Hambrick, Jesse Young, and others. The officer taking the depositions of

these witnesses inclosed them all, it seems, in one envelope and indorsed upon the back thereof the style of the case, and undertook to indicate the depositions of the witnesses contained in the envelope by indorsing thereon the words: "Depositions of G. W. L. Smith et al., witnesses." After these depositions were returned, they were opened at request of appellant. The appellant finding the evidence of one of the witnesses, Jesse Young, unfavorable, made a motion to quash the depositions as to this witness, which was overruled by the court. The appellee in replying to this motion showed that he had crossed the interrogatories propounded to the witnesses and waived the informality in their return, as complained of by the appellant.

It has been held in several cases, notably Insurance Company v. Hird, 23 Southwestern Reporter, 393, that the statute concerning the manner of returning depositions is directory, and that a substantial compliance therewith is all that is necessary. The statute states that the officer returning the depositions must indorse upon the envelope the names of the parties to the suit and the witnesses. In construing this statute, it has been held that it is not necessary to state the names of all the parties. The names as indicated by the docket record of the case is sufficient, and it has always been held that you can look to the caption and commission or the beginning part of the depositions, together with the officer's certificate returning the same, in order to identify the parties to the cause of action. There is no complaint here that this witness is not identified as one of the witnesses whose testimony is required to be taken by virtue of the commission, nor is it complained that the officer's certificate, which was evidently appended to the depositions, was not sufficient to identify Jesse Young as one of the witnesses whose depositions he had taken. Consequently, we can assume that the commission directed to the officer included the name of Jesse Young as one of the witnesses whose depositions he should take, and that his certificate identifies this witness as one among those whose answers and depositions were taken. If it is permissible, as has been held, to look to the commission and the certificate of the officer in order to identify the parties to the controversy in aid of the indorsement of their names upon the envelope, the same reasons would justify a resort to the same papers in order to identify the witnesses. The indorsement upon the envelope shows that it contained the depositions of "G. W. L. Smith et al., witnesses." The "et al." evidently refers to the witnesses embraced in the commission and the officer's certificate; and looking to these two instruments, it would doubtless be found, as there was no complaint urged to the contrary, that the name of Jesse Young was included as one of the witnesses.

We are inclined to think, for the reasons just discussed and in view of the fact that the depositions of all these witnesses being returned in the one envelope and the defendant having opened that envelope and obtained the benefit of the testimony of a number of the witnesses, no error was shown in the action of the court in refusing to suppress the depositions of the witness Jesse Young. The conduct of the defendant as stated,

was tantamount to a waiver of the objections to the depositions on the ground urged.

Appellant's second assignment of error is as follows: "The court erred in refusing to allow the defendant to show in evidence the stock reports signed by Lyman, plaintiff, showing the condition of the stock to have been good between various stations on the International & Great Northern Railroad, for the reasons and as fully shown in defendant's bill of exceptions number 7."

The stock in question was shipped over the appellant's road and the line of its connecting carrier, the International & Great Northern Railroad. The appellant on the trial introduced a written statement signed by the plaintiff on one of the stock reports of the Gulf, Colorado & Santa Fe Railway Company, while the cattle were in its possession, showing the condition of the stock. Plaintiff admitted his signature to this paper. The defendant then offered in evidence similar reports made on the International & Great Northern Railroad, while the cattle were in its possession. These reports in effect stated that the cattle were in good condition. The plaintiff denied signing these reports. The defendant offered them in evidence in connection with the report admitted to be signed by the plaintiff, in order to prove his signature by comparison. To the introduction of this evidence, plaintiff objected because "there were no proofs that said reports were signed by Lyman or said Young, and the same are immaterial and irrelevant to any issue in the case."

It appears from the bill of exceptions that the names H. D. Lyman and J. W. Young, purporting to be the persons in charge of the stock on the International & Great Northern Railroad, were signed to the reports furnished by that road. The bill of exception in effect shows that the appellant desired to prove the execution of those reports by plaintiff H. D. Lyman and witness J. W. Young by comparing the signatures appended to these reports with the admitted signature of Lyman to the report made by him to the Gulf, Colorado & Santa Fe Railway Company, and to the signature of Young appended to his depositions read in evidence by the plaintiff in this cause. The court refused to admit this testimony.

From the manner in which the question is raised and presented by the bill of exceptions, it is impossible to determine whether the court committed an error in refusing to admit these reports. The purpose of appellant was to prove the signatures of Lyman and Young by comparison with other instruments which admittedly contained the signatures of these two parties. What influenced the court to decline to admit these two reports made to the International & Great Northern Railroad it is impossible to determine from the bill of exception. The court, in passing upon the question, evidently had before it the admitted signatures of Lyman and Young and also the reports which they denied signing to the International & Great Northern Railway, and which the appellant was seeking to introduce in evidence. The original reports are not brought up in the record; nor is there anything apparent upon

the face of the bill of exceptions indicating in the remotest degree any similarity between the signatures to the admitted reports and those sought to be introduced; nor is there any statement in the bill of exceptions to the effect that the signatures to these papers were identical, or that there was any striking similarity between them. The court in passing upon this question, evidently with the reports before him, might have concluded that there was such a want of similarity between the signatures to the several reports as would not authorize their admission on the grounds of any comparison between the signatures appended thereto. At least, there is nothing in the bill of exceptions which has any tendency whatever to show that this was not the view taken by the trial court or which has a tendency to show an identity by comparison between the different signatures.

The third and fourth assignments are not well taken.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*